**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.  06-66 (RJL)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOMINGO STEVENSON** | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

## BACKGROUND

On January 11, 2006, at approximately 10:15 a.m., members of the ATF-HIDTA Task Force executed a search warrant at 2416 Evarts Street, Northeast, Washington, D.C.  Upon gaining entry to the home, task force members found defendant on the stairs leading to the upstair bedrooms.  They also smelled marijuana.   After detaining defendant, the task force members searched the home.  In the basement, they found essentially a greenhouse in which 233 marijuana plants were growing in individual containers under large lights.  The plants varied in size with some plants being as tall as five feet.  The members also found fertilizers and other electrical components associated with maintaining a green house.

In an upstairs bedroom, the task force members found defendant's passport, photographs of him, and 46 rounds of 410 gauge shotgun ammunition in the night stand table. The officers and agents found a black colored .25 caliber Beretta handgun loaded with 6 rounds of ammunition in the

bedroom closet.[1]  One of the dresser drawers contained a bag of marijuana.  There were also books on marijuana growing and notes regarding the cultivation of marijuana in that room.

The officers searched the attic and located Beretta 9 mm caliber pistol loaded with 13 rounds of ammunition.  The Drug Enforcement Administration ("DEA") laboratory later analyzed samples of the plants and confirmed that they were indeed marijuana plants.

On March 8, 2006, the government filed a one-count Information, charging defendant with Unlawful Possession with Intent to Distribute 100 or More Marijuana Plants, in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B)(vii).  On May 22, 2006, defendant pled guilty to the Information.

## ARGUMENT

### I.    Safety Valve Treatment

Under 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B)(vii), defendant is facing a five-year mandatory minimum sentence unless the Court determines that defendant qualifies for safety valve treatment under 18 U.S.C. § 3553 (f)(1)-(5) and §5C1.1 of the United States Sentencing Guidelines Manual.  To qualify for safety valve treatment, the Court must find that (1) defendant does not have more than 1 criminal history point; (2) defendant did not possess a firearm in connection with the offense; (3) no person was seriously injured or killed as a result of the offense; (4) defendant did not have a leadership role in the offense; and (5) defendant has truthfully provided to the government

---

[1]    If permitted by the Court, the government may present the testimony of one of the agents who executed the search warrant at defendant's home for the purpose of establishing for the record that other items which were not specifically mentioned in the factual proffer such as the weapons and ammunition were found in the home.

the information and evidence he has concerning the offense.  18 U.S.C. § 3553(f)(1)-(5).[2]  In this case, the only safety valve criteria in dispute is whether defendant possessed the weapons in his home in connection with the offense to which he has pled guilty – Unlawful Possession with Intent to Distribute 100 or more Marijuana Plants.  Defendant claims that although he was aware that the guns were in his home, the guns belonged to other people.[3]  The defendant further alleges that he did not intend nor did he in fact exercise dominion and control over the guns and that the guns were not used in connection with his marijuana operation.  However, the physical evidence in this case and the realities of the drug trade suggest otherwise.  Indeed, officers found a loaded gun and ammunition in the bedroom defendant occupied.  Furthermore, it is common for drug dealers to have weapons in order to protect their product.  Accordingly, defendant does not qualify for safety valve treatment and should be sentenced to five years of imprisonment.

II.    **Sentencing Guidelines**

If the Court determines that defendant meets the safety valve criteria, however, the Court "shall  impose a sentence . . . without regard to any statutory minimum sentence."  18 U.S.C. § 3553 (f).  Although the Supreme Court in United States v. Booker, 125 S. Ct. 738, (2005), held that the mandatory application of the Guidelines is unconstitutional, a sentencing court must, nonetheless, consult those Guidelines and take them into account with other sentencing factors enumerated in 18

---

[2]    Defendant has already come forward and provided the Government with a detailed statement regarding his offense of conviction -- i.e., the Unlawful Possession With Intent to Distribute 100 Marijuana Plants -- as required by statute.  Specifically, defendant explained why and how he began cultivating marijuana, how his operation worked and the amount of money he earned.

[3]    Defendant has come forward with alleged identifying information regarding the owners and how the guns came to rest in his home.

U.S.C. § 3553 to determine a reasonable sentence. United States v. Price, 409 F.3d 436, 442-443 (D.C. Cir. 2005).

In this case, defendant's offense involved 233 plants. Under the Sentencing Guidelines, each plant is treated as the "equivalent to 100 [grams] of marijuana" unless the actual weight of the plant is greater than 100 grams. See Notes to Drug Table, Note E. The Drug Enforcement Administration Laboratory only weighed a sample of the marijuana plants in this case. None of the sample had an actual weight greater than 100 grams. Accordingly, defendant is accountable for 23 kilograms of marijuana, and has a base offense level of 18.

Under § 2D.1 (b)(1), defendant's offense level should be increased by two levels for possession of a firearm. As set forth in Application Note 3, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Given the location of the weapon and the marijuana, it is not improbable that defendant had the weapon in order to protect his plants from others who might try to break in his home and take them. Further, a finding that defendant did not possess the gun for safety valve purposes is not inconsistent with a finding that defendant did possess it for gun enhancement purposes. See United States v. Washington, 62 Fed. Appx. 351 (D.C. Cir. 2003).

If the Court were persuaded that defendant was safety valve eligible, but that defendant was also eligible for the gun enhancement, defendant's offense level would be 20. With a three-point reduction for acceptance of responsibility, defendant's adjusted offense level would be 17 and he would face a sentencing range of 24 to 30 months of incarceration. The Government would recommend a sentence at the mid-range of the applicable sentencing guideline range. Such a sentence would be reasonable under the factors delineated in 18 U.S.C. § 3553.

Under 18 U.S.C. § 3553, the Court may consider the nature and circumstances of the offense. Here, the defendant had a substantial marijuana operation.    Indeed, he had over 200 plants of various sizes and all the equipment necessary for optimal marijuana cultivation.

Defendant's criminal history also warrants a sentence in the mid-range of the applicable sentencing Guideline range.  Although defendant only has one traffic conviction, defendant has been arrested 15 times since the age of 19 years old and in every calendar year since 1993, except for 1995, 1999, 2002 and 2003.

Moreover, a significant period of incarceration is justified in this case to protect society's interest in ridding the streets of the District of this narcotic, which is commonly considered to be a gateway drug to more serious drugs such as crack cocaine and phencyclidine ("PCP").  Additionally, because defendant has never been incarcerated for a substantial period of time, he has never had the opportunity and time to reflect on the seriousness of his actions, and the consequences that they not only have on him and his family, but on the community at large.

A sentence at the mid-range of the applicable sentencing guidelines range is reasonable and appropriate for this defendant based on the facts of his case and the sentencing factors enumerated in 18 U.S.C. § 3553.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

  /s/
Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section
D.C.  Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
Phone: 353-8213
Fax: 353-9414